**No. 23-40098**

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

UNITED STATES OF AMERICA,
                    *Plaintiff–Appellee,*

v.

ELDEN DON BRANNAN,
                    *Defendant–Appellant.*

---

On Appeal from the United States District Court
For the Southern District of Texas
Corpus Christi Division, Case No. 2:22-CR-184

---

THE UNITED STATES' OPPOSITION
TO ELDEN BRANNAN'S PETITION FOR REHEARING EN BANC

---

ALAMDAR S. HAMDANI
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

CATHERINE F. PICK
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
713-567-9102
ATTORNEYS FOR APPELLEE

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................. iii

INTRODUCTION...............................................................................1

QUESTION PRESENTED...................................................................3

STATEMENT OF THE CASE .............................................................3

    I.     Police arrested Brannan after finding a pipe bomb in his closet. ....................................................................................3

    II.    A jury convicted Brannan of possessing a destructive device. ...............................................................................4

         A.    Four ATF personnel testified Brannan made a pipe bomb. ....................................................................4

         B.    Brannan argued his pipe bomb was a firework. ...........7

         C.    The district court correctly instructed the jury on the elements of possessing a destructive device...........8

    III.   This Court affirmed Brannan's conviction. ...........................9

ARGUMENT .....................................................................................11

    En banc consideration is not warranted because the panel, following this Court's precedents, correctly determined the evidence was sufficient to support Brannan's conviction..............11

    A.    Relevant statutes ................................................................11

    B.    The panel properly applied *Beason*. .....................................12

**Page**

C. There is no inner-circuit conflict, and *Harbarger* does not help Brannan. .............................................................14

D. This issue is not exceptionally important..............................18

CONCLUSION ...............................................................................21

CERTIFICATE OF SERVICE..........................................................22

CERTIFICATE OF COMPLIANCE...................................................23

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*BMC Software, Inc. v. C.I.R.*, 780 F.3d 669 (5th Cir. 2015) ...................13

*Bostock v. Clayton Cty. GA.*, 590 U.S. 644 (2020)..................................13

*Easley v. Reuss*, 532 F.3d 592 (7th Cir. 2008) .......................................18

*Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350 (5th Cir. 1995).......13

*Staples v. United States*, 511 U.S. 600 (1994) ................................11, 19

*United States v. Ballinger*, 951 F.2d 362 (9th Cir. 1991)
 (unpublished)...................................................................................2

*United States v. Basnett*, 735 F.3d 1255 (10th Cir. 2013) .......................2

*United States v. Beacher*, 156 F. App'x 268 (11th Cir. 2005)
 (unpublished)..................................................................................18

*United States v. Beason*, 690 F.2d 439 (5th Cir. 1982).................. 1, 12, 14

*United States v. Brannan*, 98 F.4th 636 (5th Cir. 2024) ................*passim*

*United States v. Charles*, 883 F.2d 355 (5th Cir. 1989)....................1, 15

*United States v. Dalpiaz*, 527 F.2d 548 (6th Cir. 1975)...........................2

*United States v. Dempsey*, 957 F.2d 831 (11th Cir. 1992) .....................18

*United States v. Hammond*, 371 F.3d 776 (11th Cir. 2004) ...................17

*United States v. Harbarger*, 46 F.4th 287 (5th Cir. 2022)...... 2, 10, 16, 17

*United States v. Heath*, 970 F.2d 1397 (5th Cir. 1992).........................14

# TABLE OF AUTHORITIES, cont'd

**Cases**                                                                                   **Page(s)**

*United States v. Hughes*, 273 F. App'x 587 (9th Cir. 2007)
(unpublished).................................................................................................15

*United States v. Hunn*, 344 F. App'x 920 (5th Cir. 2009)
(unpublished)...........................................................................................1, 15

*United States v. Johnson*, 152 F.3d 618 (7th Cir. 1998)...............2, 13, 15

*United States v. Musso*, 914 F.3d 26 (1st Cir. 2019) ...............................2

*United States v. Pearce*, 86 F. App'x 919 (6th Cir. 2004)
(unpublished).................................................................................................15

*United States v. Phillips*, 210 F.3d 345 (5th Cir. 2000).........................17

*United States v. Posnjak*, 457 F.2d 1110 (2d Cir. 1972) .....................2, 14

*United States v. Powell*, 732 F.3d 361 (5th Cir. 2013)...........................20

*United States v. Reyna*, 130 F.3d 104 (5th Cir. 1997) ...........................11

*United States v. Rosa*, 499 F. App'x 358 (5th Cir. 2012)
(unpublished)...........................................................................................1, 15

*United States v. Ross*, 458 F.2d 1144 (5th Cir. 1972)............................15

*United States v. Seale*, 550 F.3d 377 (5th Cir. 2008)............................18

*United States v. Spoerke*, 568 F.3d 1236 (11th Cir. 2009).....................18

*United States v. Uzenski*, 434 F.3d 690 (4th Cir. 2006) ........................15

*United States v. Velasquez*, 881 F.3d 314 (5th Cir. 2018)
(per curiam) ................................................................................................20

# TABLE OF AUTHORITIES, cont'd

**Cases**                                                                   **Page(s)**

*United States v. Waits*, 581 F. App'x 432 (5th Cir. 2014)
(unpublished)......................................................................................1, 15

*United States v. Wise*, 221 F.3d 140 (5th Cir. 2000)..............................12

**Statutes and Rules**

26 U.S.C. § 5841 ..................................................................................4

26 U.S.C. § 5845(a)............................................................................11

26 U.S.C. § 5845(f)......................................................................*passim*

26 U.S.C. § 5861(d)...................................................................1, 4, 11

26 U.S.C. § 5871 ..................................................................................4

Fed. R. App. P. 35(a)............................................................................1

**Other Authorities**

S. Rep. No. 1501, 90th Cong., 2d Sess. 47 (1968) ................................14

Fifth Cir. Pattern Jury Instr. (Crim.) § 2.102 (2019) ........................9, 19

**INTRODUCTION**

This Court should deny Elden Don Brannan's petition because the panel's unanimous decision faithfully applies existing precedent, and this is not an extraordinary case in which en banc review should be granted. *See* Fed. R. App. P. 35(a).

Deferring to the jury's verdict, the panel appropriately concluded the evidence was more than sufficient to support Brannan's conviction for possessing a pipe bomb, which is a destructive device under 26 U.S.C. § 5845(f) and violates 26 U.S.C. § 5861(d). This Court repeatedly has concluded pipe bombs are destructive devices as defined in § 5845(f). *See, e.g., United States v. Charles*, 883 F.2d 355, 357 (5th Cir. 1989); *United States v. Hunn*, 344 F. App'x 920, 921 (5th Cir. 2009) (unpublished); *United States v. Waits*, 581 F. App'x 432, 434 (5th Cir. 2014) (unpublished); *United States v. Rosa*, 499 F. App'x 358 (5th Cir. 2012) (unpublished).

The panel correctly applied existing precedent by concluding the exceptions listed in § 5845(f) are affirmative defenses, not elements of the offense. *See United States v. Beason*, 690 F.2d 439, 445 (5th Cir. 1982). This Court's longstanding interpretations comports with the majority

view. Six other circuit courts of appeals interpret § 5845(f) the same way – exceptions are affirmative defenses and not elements of the crime. *See, e.g., United States v. Musso*, 914 F.3d 26, 28 (1st Cir. 2019); *United States v. Posnjak*, 457 F.2d 1110, 1116 (2d Cir. 1972); *United States v. Dalpiaz*, 527 F.2d 548, 552 (6th Cir. 1975); *United States v. Johnson*, 152 F.3d 618, 623 (7th Cir. 1998); *United States v. Ballinger*, 951 F.2d 362 (9th Cir. 1991) (unpublished); *United States v. Basnett*, 735 F.3d 1255, 1257 (10th Cir. 2013).

Brannan's attempt to upend 40 years of existing precedent should be soundly rejected. First, there is no conflict within this Circuit's case law. *Beason*'s straightforward analysis is correct (as confirmed by other circuits). This Court's recent opinion in *United States v. Harbarger*, 46 F.4th 287 (5th Cir. 2022), did not address nor did it overrule this Court's interpretation of § 5845(f); thus, there could be no inner-circuit conflict. Second, no issue exists let alone one that is exceptionally important warranting en banc review. All the circuits, except one, that have addressed the issue agree with this Court's interpretation of § 5845(f).

The panel's unanimous decision should remain untouched. This Court should deny Brannan's petition. En banc review is unwarranted.

## QUESTION PRESENTED

The issue is whether the panel properly followed this Court's longstanding precedent from 1982 that 26 U.S.C. § 5845(f)'s exceptions are affirmative defenses, not elements of the offense, or whether this issue is not exceptionally importance given that this Court and six other circuits reached the same conclusion.

## STATEMENT OF THE CASE

### I. Police arrested Brannan after finding a pipe bomb in his closet.

After Corpus Christi police received two 911 calls regarding an assault in progress at Brannan's home, they arrived and observed Brannan screaming at his sister, Stacy Sosa, and her boyfriend. ROA.954 (PSR ¶ 6). Sosa told officers that Brannan became combative, head-butted her boyfriend, and raised a bar stool towards Sosa while a two-year old was standing between her and Brannan. ROA.954-55 (PSR ¶ 7).

Sosa also told officers Brannan had a pipe bomb in his closet. ROA.955 (PSR ¶ 10). Officers called the bomb squad who were able to take the bomb, pictured below, away from the house. ROA.955 (PSR ¶ 12).



ROA.923 (GE 2).Officers also found enough components to make another pipe bomb. ROA.955 (PSR ¶ 11). A grand jury charged Brannan with possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. ROA.30.

## II. A jury convicted Brannan of possessing a destructive device.

### A. Four ATF personnel testified Brannan made a pipe bomb.

Brannan proceeded to trial, and four of the government's witnesses were ATF personnel who testified about the characteristics of Brannan's pipe bomb.

First, ATF Agent Michael Dail testified he was on duty when he received a call from the Corpus Christi Bomb Squad about Brannan's pipe bomb. ROA.745. He explained the Bomb Squad told him there was a "pipe covered in tape…which was about a 6-inch pipe, 1-inch in diameter, it was wrapped in white tape with a green fuse coming out of it." ROA.746. He took the photograph of the pipe bomb, explaining "the white tape-wrapped cylinder is what we suspected to be a pipe bomb." ROA.747. He testified, based on his knowledge and experience, Brannan's pipe bomb was a destructive device. ROA.753.

Second, ATF Certified Explosive Specialist (CES) Bomb Tech Travis Gates testified about disassembling Brannan's pipe bomb. ROA.767-70; ROA.927-31 (GE 6–10). When he first saw Brannan's device, he moved it a safe distance away because "[i]t appeared to be a pipe bomb." ROA.772. He x-rayed it and confirmed there was a metal pipe with powder, a "plug on one end and a visco fuse." ROA.772-73. Agent Gates told the jury "[i]n the bomb tech world[,] we call it pipe powder and fuse. That's simply what pipe bombs [are]." ROA.773. He weighed the powder "and from just training experience, it looked to have pyrotechnic stars, which would be common when they make pipe bombs." ROA.774.

5

He explained bomb makers "harvest explosive powder from fireworks to make pipe bombs." ROA.774. Agent Gates "took a sample to do a flame susceptibility test on it" and it "was energetic and it burned." ROA.774-76. He also cut a piece of the fuse "and it was energetic and did propagate a flame." ROA.776.

The third witness, ATF forensic chemist Peter Milosevic, testified Brannan's pipe bomb contained explosive materials. ROA.796, 808. He did a visual, microscopic, and elemental inspection of the powder. 803-08. The results showed the powder and pyrotechnic stars were made of explosive materials. ROA.808.

The Government's last witness and expert in the case, ATF Agent and Explosive Enforcement Officer (EEO) Scott McCullough, determined Brannan's pipe bomb was a destructive device ROA.814-16. Agent McCullough is one of seven EEOs in the country. ROA.815. He explained that three EEOs review any explosive device to determine whether it is destructive, and in his 18 years with ATF, he has conducted more than 400 determinations of destructive devices. ROA.817, 819.

Agent McCullough testified that based its design and characteristics, Brannan's bomb would explode and cause fragments to

fly in the air. ROA.820-21, 831-33. Brannan's pipe bomb had dimes in it, and the "dimes would have been projected out based on all that gas that was generated within the pipe [s]o they could have become metal fragmentation as well." ROA.821. Agent McCullough disputed that the bomb was an improvised firework because fireworks are made of wrapped paper or cardboard so "they would propel fragments of paper and cardboard out versus being constructed of metal like a sealed pipe." ROA.846. He told the jury that three EEOs out of the seven in the country had made the same determination: Brannan's pipe bomb was a destructive device. ROA.292-93.

**B. Brannan argued his pipe bomb was a firework.**

Michael Hefti testified for Brannan. ROA.863. Hefti is a practicing attorney who was an operational bomb technician in the United States Air Force. ROA.863. This case was his first time Hefti had determined whether a device was destructive. ROA.247. He testified he did not believe Brannan's device was a destructive device because "the objective characteristics of the device itself will lead to the inferences that it was designed objectively as a firework as opposed to a weapon." ROA.867, 871-72.

Hefti nevertheless had to agree that commercial fireworks do not have tape wrapped around them or use cardboard cylinders instead of metal pipes "because the fragmentation that is coming off cardboard cylinder is going to be far less hazardous than metal or PVC pipe" and "normal traditional fireworks would not use a pipe bomb [o]r a pipe cylinder." ROA.900, 915. The district court denied Brannan's motion for acquittal. ROA.280, 301, 861.

### C. The district court correctly instructed the jury on the elements of possessing a destructive device.

Before the jury was instructed, Brannan argued that this Court's recent case, *Harbarger*, controlled and required the government to prove that Brannan's device was designed as a weapon under 5845(f). ROA.230-32. The prosecutor explained *Beason* held that a defendant's claim that his device was not designed as a weapon is an affirmative defense under § 5845(f), not an element of the offense. ROA.236-38. The prosecutor also explained that *Harbarger* involved different facts from *Beason,* and *Harbarger* had not explicitly overruled *Beason*. ROA.236-38.

The district court determined that *Beason* was not overruled and that it did not believe *Harbarger* applied here. ROA.240. Defense counsel told the court Brannan would not assert an affirmative defense.

ROA.240. The district court noted that it was not going to decide what constitutes an explosive bomb because "that's what the experts are for and the jury's going to have to rely on the experts to determine whether or not this meets the criteria of an explosive bomb." ROA.239.

The jury instructions mirrored the Fifth Circuit Pattern Jury Instructions (Criminal) § 2.102 (2019), for possessing a destructive device. ROA.115-16. The jury convicted Brannan of possessing a destructive device. ROA.120. The district court sentenced him to 24 months of imprisonment and three years of supervised release. ROA.123-28.

### III.   This Court affirmed Brannan's conviction.

Brannan appealed his conviction, arguing the evidence was insufficient to support his conviction, and the district court erred in instructing the jury.

A unanimous panel of this Court (Elrod, Willett, <u>Duncan</u>, JJ.) affirmed. *United States v. Brannan*, 98 F.4th 636 (5th Cir. 2024). First, the panel explained that *Beason* foreclosed Brannan's argument that the government must prove the pipe bomb was designed as a weapon. *Id.* at 639. The panel noted six other circuit courts of appeals agreed with

9

*Beason's* interpretation that § 5845(f)'s exceptions are affirmative defense. *Id.* at 639, n.4. The panel ruled there was no inner-circuit conflict following *Beason*. *Id.* at 640.

Second, the panel determined *Harbarger* did not help Brannan's quest to overturn his conviction. *Id.* In *Harbarger,* this Court determined the evidence was insufficient to prove the destructive potential of Harbarger's pyrodex infused bamboo stick. 46 F.4th at 291. This Court in *Harbarger* did not address "whether the § 5845(f) exception is an affirmative defense or an element of the offense." *Brannan,* 98 F.4th at 640. Accordingly, "*Harbarger* could not contradict *Beason*, which has been circuit precedent since 1982." *Id.* Further, Brannan's pipe bomb was unlike *Harbarger's* pyrodex infused bamboo stick, and the government "provided ample evidence" that showed Brannan's pipe bomb "would explode and produce dangerous metal shrapnel." *Id.* The panel concluded the evidence was sufficient to support Brannan's conviction, and because the district court followed this Circuit's pattern instructions, there was no error. *Id.* at 641.

# ARGUMENT

**En banc consideration is not warranted because the panel, following this Court's precedents, correctly determined the evidence was sufficient to support Brannan's conviction.**

## A. Relevant statutes

It is a federal crime "for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). "Firearm means . . . a destructive device." 26 U.S.C. § 5845(a).

Relevant here, a "destructive device" means (1) any explosive, incendiary, or poison gas (A) bomb . . ." 26 U.S.C. § 5845(f). The definition excludes "any device which is neither designed or redesigned for use as a weapon" and "any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device." *Id.*

As the panel stated, the government had to show Brannan "knew of the features of the destructive that bring it under the law's prohibition." *Brannan*, 98 F.4th at 639 (citing *Staples v. United States*, 511 U.S. 600, 619 (1994); *United States v. Reyna*, 130 F.3d 104, 108 (5th Cir. 1997)).

## B.     The panel properly applied *Beason*.

Forty years ago, this Court in *Beason* concluded that the exceptions listed in § 5845(f) (specifically "any device which is neither designed or redesigned for use as a weapon") were not elements of the offense but affirmative defenses. 690 F.2d at 444. This Court explained "[e]xceptions to statutory definitions are generally matters for affirmative defenses, especially where the elements constituting the offense may be defined accurately without any reference to the exceptions." *Id.*; *see also United States v. Wise*, 221 F.3d 140, 148 (5th Cir. 2000) (holding the "well-established rule of criminal statutory construction that an exception set forth in a distinct clause or provision should be construed as an affirmative defense and not as an essential element of the crime" (citation omitted)). *Beason's* statutory analysis is legally sound, and, as the panel noted, other circuits agree with this Court's interpretation. *See Brannan*, 98 F.4th at 639, n. 4. Following court precedent, the panel correctly determined the district court properly concluded the government did not have to prove Brannan designed the pipe bomb for use as a weapon.

Brannan's argument that *Beason* is "at odds" with ordinary interpretive tools is simply wrong. Brannan's petition, p. 8-9. The

Supreme Court "has explained many times over many years that, when the meaning of the statute's term is plain, our job is at end. The people are entitled to rely on the law as written . . ." *Bostock v. Clayton Cty. GA.*, 590 U.S. 644, 673-74 (2020). This Court also follows the ordinary rules of interpretation: "[i]f the language of the statute is plain and unambiguous, it must be given effect." *BMC Software, Inc. v. C.I.R.*, 780 F.3d 669, 674 (5th Cir. 2015) (quoting *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 362 (5th Cir. 1995)). The statute could not be any clearer. It defines what is a destructive device, i.e., what the government must prove. It states what is not a destructive device, one of which is a device not designed as a weapon. *See, e.g., Johnson*, 152 F.3d at 623 (holding the first step is "of course, with the text of the statute" and "also notable that [§ 5845(f)] contains an affirmative defense: [t]he term destructive device does not include any device that is not designed for use as a weapon."). This Court did not err in interpreting the statute; thus, there was no error below or in the panel's affirmance of Brannan's conviction.

Additionally, this Court has already concluded this interpretation falls in line with Congress' intent in enacting the National Firearms Act. In *Beason*, this Court ruled "the legislative history of Section 5845

suggests that Congress intended the exceptions to operate as affirmative defenses." 690 F.2d at 445 (quoting S. Rep. No. 1501, 90th Cong., 2d Sess. 47 (1968) ("This subsection also specifically provides exceptions to the definitions of the terms 'destructive device' . . . The Government is not required to allege or prove that the exception is inapplicable."); *Posnjak*, 457 F.2d at 1116 (discussing legislative history of § 5845(f) and determining the "Committee Report stated that this [§ 5845(f)] exception was an affirmative defense . . ."); *see also United States v. Heath*, 970 F.2d 1397, 1403 (5th Cir. 1992) ("A criminal statute should be fairly construed in accordance with the legislative purpose behind its enactment.").

Following this Court's longstanding precedent, the panel reached the same conclusion that the jury did: the government proved, through the testimony of four ATF personnel, that Brannan possessed a pipe bomb, which is a destructive device under § 5845(f).

### C. There is no inner-circuit conflict, and *Harbarger* does not help Brannan.

Brannan's third attempt, "to get around *Beason*" should be rejected. *Brannan*, 98 F.4th at 639; *see* Brannan's petition, p. 6-8. There is no inner-circuit conflict.

In *United States v. Ross*, 458 F.2d 1144, 1145 (5th Cir. 1972), this Court addressed whether § 5845(f) is unconstitutionally vague and whether a Molotov cocktail was a destructive device within the meaning of § 5845(f). This Court held § 5845(f) "contains the crucial limitation that a destructive device does not include any device designed or redesigned for use as a weapon" and a "Molotov cocktail has no purpose apart from criminal activities." *Id*. at 1145-46. *Ross* did not address whether "the crucial limitation" is an element of the offense or an affirmative defense, and because *Beason* was the first to do so, there is no conflict between *Ross* and *Beason*. *See Brannan*, 98 F.4th at 640.

After *Beason* was decided, this Court issued multiple opinions affirming that a pipe bomb was a destructive device within the meaning of § 5845(f). *See Charles*, 883 F.2d at 357; *Hunn*, 344 F. App'x at 921, *Waits*, 581 F. App'x at 434; *Rosa*, 499 F. App'x at 358. Other circuits have concluded pipe bombs like Brannan's are destructive devices under § 5845(f). *See Johnson*, 152 F.3d at 620, 628-630; *United States v. Uzenski*, 434 F.3d 690, 701-02 (4th Cir. 2006); *United States v. Pearce*, 86 F. App'x 919, 921 (6th Cir. 2004) (unpublished); *United States v. Hughes*, 273 F. App'x 587, 589 (9th Cir. 2007) (unpublished).

Continuing in the same arena of the NFA, this Court in *Harbarger* concluded that a pyrodex "fused bamboo stick" used to scare beavers and remove their dams was not a destructive device within the meaning of § 5845(f). 46 F.4th at 291. There was insufficient evidence to show the bamboo stick "was an illegal explosive device designed as a weapon." *Id.* at 291 (quotation marks omitted).

*Harbarger* does not apply here and, as the *Brannan* panel noted, "does not help Brannan for multiple reasons." *Brannan*, 98 F.4th at 640. First, *Harbarger* does not address the § 5845(f) exceptions, thus, it cannot contradict *Beason*. Second, Harbarger's bamboo stick filled with pyrodex, only used to "scare beavers and destroy their dams" is not, in anyway, like Brannan's pipe bomb. *Brannan*, 98 F.4th at 639, n.4, & 640. Four ATF personnel testified that Brannan's pipe bomb was constructed in a way that "[o]nce the fuse was lit, the power would burn, generate gas, and – because the pipe was sealed – eventually explode." *Brannan*, 98 F.4th at 637. Third, as the panel pointed out, the government "provided ample evidence contradicting Brannan's claim" that the pipe bomb was designed to "emit a pyrotechnic display," and proved Brannan's bomb "would explode and produce dangerous metal shrapnel." *Id.* at 640.

Finally, this Court in *Harbarger* "suggested that, given their inherent dangerousness, metal pipes containing explosives are *per se* weapons under the NFA." *Id.* at 640, n.5 (quoting *Harbarger*, 46 F.4th at 289, n.5.). *Harbarger* does not help Brannan, and there is no discord between it and *Beason*.

Brannan asserts that *Beason* conflicts with the Eleventh Circuit case *United States v. Hammond*, 371 F.3d 776, 780 (11th Cir. 2004), which is the only circuit to hold that the government must prove the device was not designed as a weapon. It is not *Beason* that conflicts with *Hammond*, but *Hammond* that conflicts with *Beason* and six other circuits. Because *Beason* is part of the majority, that leads to the reasonable conclusion that *this* Court got it right and not the Eleventh Circuit. Additionally, this Court is not bound by the case law of another circuit nor does the existence of *Hammond* warrant en banc review. *See United States v. Phillips*, 210 F.3d 345, 351, n. 4 (5th Cir. 2000).

Further, *Hammond* undermines Brannan's claim his pipe bomb is not a destructive device as the Eleventh Circuit concluded Hammond's cardboard device with pyrodex was "[u]nlike such a pipe bomb made of galvanized metal." 371 F.3d at 780. Thus, Hammond's device was very

17

different than Brannan's explosive-filled metal pipe bomb. Moreover, the Eleventh Circuit has determined homemade pipe bombs like Brannan's are destructive devices under § 5845(f). *See United States v. Spoerke*, 568 F.3d 1236, 1246-47 (11th Cir. 2009); *United States v. Beacher*, 156 F. App'x 268, 269-270 (11th Cir. 2005) (unpublished); *see also United States v. Dempsey*, 957 F.2d 831, 834 (11th Cir. 1992) (noting homemade pipe bombs are "uniquely dangerous" and "pose a significant safety risk to the public").

Accordingly, Brannan's claims that there is an inner-circuit conflict are meritless.

### D.   This issue is not exceptionally important.

En banc review is an exceedingly rare remedy as it requires the case to "meet[ ] the high standards" for further consideration. *United States v. Seale*, 550 F.3d 377, 378 (5th Cir. 2008) (Smith, J., dissenting); *see also Easley v. Reuss*, 532 F.3d 592, 594 (7th Cir. 2008) ("Given the heavy burden that en banc rehearings impose on an already overburdened court, such proceedings are reserved for the truly exceptional cases.") (internal quotations and citation omitted). This case falls far short of that high standard.

The question Brannan presents was answered by this Court decades ago. Six other circuits reached the same answer. There is no confusion, as Brannan claims, on what the government needs to prove for the crime of possessing a destructive device. The elements of the offense are outlined in the statute and in this Court's jury's pattern instructions.[1] This Court has not changed or added to the elements of this offense so there can be no confusion.

Finally, after failing to convince the jury and the panel that his pipe bomb was an improvised firework, Brannan tries, for the third time, to see if his argument will stick, but this challenge does not warrant en banc review. The evidence simply does not support Brannan's claim. As the panel noted, the jury was presented with evidence on both sides, and rejected Brannan's far-fetched claim that his bomb was an improvised firework. *See Brannan*, 98 F.4th at 641 (citing *United States v. Velasquez*,

---

[1] Brannan makes the puzzling claim that *Beason* prevented him from "stressing to the jury that the government bore the burden to prove that mental state to the exclusion of reasonable doubt." *See* Brannan's petition, p. 13. The jury, however, was instructed per this Court's jury instructions that the government had to prove Brannan "knowingly possessed a destructive device" and "knew the characteristics of the destructive device." *See* Fifth Circuit Pattern Jury Instruction (Criminal) § 2.102 (2019). This instruction follows the Supreme Court case *Staples v. United States* requiring the government to prove the defendant knew about the characteristics of the destructive device. *See Staples*, 511 U.S. at 619-20.

881 F.3d 314, 328 (5th Cir. 2018) (per curiam) ("The jury retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses.") (citation omitted)). Brannan asks this Court to reweigh the evidence in his favor, which this Court will not do. *See United States v. Powell*, 732 F.3d 361, 375 (5th Cir. 2013) (This Court "will not reweigh the evidence or assess the credibility of witnesses."). Accordingly, en banc consideration would be a waste of judicial resources.

## CONCLUSION

Brannan has failed to show en banc consideration is worthy of his case. The panel appropriately applied longstanding and legally sound precedent that six other circuits also follow. There is no inner-circuit conflict, and the case he relies on is not on point for him, legally or factually. This Court should deny the petition.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

/s/ *Catherine F. Pick*
CATHERINE F. PICK
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Ste 2300
Houston, TX 77002
713-567-9102

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, an electronic copy of the *United States' Opposition to Elden Brannan's Petition for Rehearing En Banc* was served by notice of electronic filing via this court's ECF system upon Assistant Federal Public Defender, Evan Howze.

Upon notification that the electronically-filed response has been accepted as sufficient, and upon the Clerk's request, seven paper copies of this response will be submitted to the Clerk. *See* 5th Cir. R. 25.2.1; 5th Cir. R. 31.1; 5th Cir. ECF filing standard E(1).

/s/ *Catherine F. Pick*
CATHERINE F. PICK
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,842 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Century Schoolbook, 14-point font for text and 12-point font for footnotes.

3.    This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4.    This brief complies with the electronic submission of 5th Cir. R.25.2.1, because it is an exact copy of the paper document.

5.    This brief is free of viruses because it has been scanned for viruses with the most recent version of McAfee Endpoint Security scanning program.

/s/ *Catherine F. Pick*
CATHERINE F. PICK
Assistant United States Attorney